UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ALLAN DUNLAP, <br><br> Plaintiff, <br><br> v. <br><br> FRISK, Kitchen Supervisor for IMSI, <br><br> Defendant. | Case No. 1:12-CV-00453-CWD <br><br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Dkt. 21), Plaintiff's Motion to Proffer Exhibits (Dkt. 16), Plaintiff's Motion to Proffer Exhibits (Dkt. 18), Plaintiff's Motion for Status Conference (Dkt. 19) and Plaintiff's Motion for Trial Date (Dkt. 20).  The Court will treat Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies as an unenumerated Rule 12(b) motion.

The parties have consented to a United States Magistrate Judge conducting all proceedings under 28 U.S.C. § 636(c).  (Dkt. 14.) The Court finds that the parties have adequately stated the facts and legal arguments in their briefs and that the decisional process would not be significantly aided by oral argument.  In the interest of avoiding delay, the Court will decide this matter on the written motions, briefs, and record without oral argument.  D. Idaho L. Civ. R. 7.1.

**MEMORANDUM DECISION AND ORDER - 1**

The Court will grant both of Plaintiff's Motions to Proffer Exhibits (Dkts. 16, 18). However, for the reasons set forth below, the Court also will grant Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies.  (Dkt. 21.)  The remaining pending motions will be denied.

## BACKGROUND

Plaintiff is a prisoner on death row at the Idaho Maximum Security Institution (IMSI).  In his Complaint, he alleges that "almost a year ago, [kitchen supervisor] Frisk took away a lunch on the weekends, now [sic] lower nutrition."  (Dkt. 1, p. 1.)  Plaintiff contends that he lost weight and suffered a heart attack due to inadequate nutrition.  (*Id.*) He has sued Defendant Frisk under 42 U.S.C. § 1983, claiming that Frisk's decision to withdraw weekend lunches violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment.  (*Id.* at 2.)

The Court initially reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, and on January 3, 2013, entered an Order permitting Plaintiff to proceed on the claim that Defendant was deliberately indifferent to Plaintiff's basic health needs in violation of the Eighth Amendment.  (Dkt. 13.)

On February 26, 2013, Defendant filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies.  (Dkt. 21.)  Defendant argues that Plaintiff failed to exhaust the IDOC grievance process with respect to his Eighth Amendment claim.  (Dkt. 21-1, p. 7.) Specifically, Defendant argues that Plaintiff did not submit a grievance regarding the

**MEMORANDUM DECISION AND ORDER - 2**

IDOC's decision to not serve lunch on the weekends or regarding his health concerns. (*Id*.)

Plaintiff did not file a response to oppose the motion until May 7, 2013.  (Dkt. 26.) Nonetheless, Plaintiff asserts that he "did complete the PLRA."  (*Id*. at 1.)  On May 23, 2013, Defendant filed his reply to Plaintiff's response.  (Dkt. 27.)  Defendant argues that Plaintiff's response was untimely, but that even if the Court considers the response, Plaintiff has not set forth any evidence to support his claim that he complied with the IDOC grievance process.  (*Id*. at 2-4.)

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**1.     Standard of Law**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*, a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement.  42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that the prisoner must comply "with [the prison's] deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The exhaustion requirement is based on the important policy concern that prison

officials should have "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id.* at 204.

Failure to exhaust is an affirmative defense that is "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for lack of exhaustion, the Court "may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. If a prisoner has failed to exhaust his administrative remedies, the appropriate remedy is dismissal without prejudice. *Id.*

The defendant bears the burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant does so, "the burden shifts to the plaintiff to show that the administrative remedies were unavailable." *Albino v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012). Confusing or contradictory information given to a prisoner "informs [the] determination of whether relief was, as a practical matter, 'available.'" *Brown*, 422 F.3d at 937.

Administrative remedies will be deemed unavailable and exhaustion excused if an inmate shows that the required procedural steps were "not known and unknowable with reasonable effort." *Albino*, 697 F.3d at 1037. A complaint will not be dismissed for failure to exhaust if the prison improperly processed an inmate's grievance, if prison officials misinformed an inmate regarding grievance procedures, or if jail staff took any other "affirmative actions" that interfered with an inmate's efforts to exhaust. *Id.* at 1034, 1039. It is not enough that the prisoner was subjectively unaware of proper grievance

**MEMORANDUM DECISION AND ORDER - 4**

procedures; that lack of awareness must be "objectively reasonable." *Id.* at 1038.

**2.      IDOC Grievance Procedure**

The Idaho Department of Correction uses a three-step administrative grievance process to address prisoner complaints relating to their incarceration, including those issues which Plaintiff raises in this action. (Dkt. 21-2, pp. 2-3).[1]  The prisoner must first submit an offender concern form, next a grievance form, and third file an appeal of the response to the grievance. (*Id.* at 3-4.)

The prisoner begins this process by routing the offender concern form to the staff member most capable of responding to, and if appropriate, resolving the problem.  (*Id.* at 3.)  If the issue is not resolved at this informal level, then the prisoner may complete a grievance form and must file that grievance within 30 days of the incident or problem. (*Id.*)  The grievance form must contain specific information regarding the nature of the complaint, including the dates, places, names, and the offender must suggest a solution to the issue.  (*Id.*)  Upon receipt of a grievance, the Grievance Coordinator enters the grievance information into the Corrections Integrated System (CIS), an electronic database used to log grievances and appeals.  (*Id.*)  The Grievance Coordinator determines if the grievance form is completed correctly and if so, assigns it to the appropriate staff member most appropriate to respond to it.  (*Id.*)  If the form is completed incorrectly, the Grievance Coordinator returns it to the prisoner using the

---

[1]Ashley Zortman is the Grievance Coordinator at IMSI. (Dkt. 21-2, at 2.)

Grievance/Disciplinary Offense Report (DOR) Transmittal Form.  (*Id.*)

After the staff member responds to the grievance, the Grievance Coordinator logs the information into the CIS database and then forwards the grievance to a "reviewing authority," who is usually the deputy warden.  (*Id.*)  The "reviewing authority" has 14 days to review the prisoner's complaint and the staff member's response and issue a decision denying, modifying or granting the prisoner's suggested solution.  (*Id.* at  3-4.) The Grievance Coordinator logs the reviewing authority's response in the CIS database and forwards the printed grievance and the prisoner's original attachments to the prisoner, and then files a copy of the printed grievance, the original Grievance/Appeal Form and copies of all attachments.  (*Id.* at 4.)

If the prisoner is dissatisfied with the response to his grievance, he may then file an appeal within 5 days of receiving the response.  (*Id.*)  Upon completion of all three steps, the offender grievance process is exhausted.  (*Id.*)

## 3.      Discussion

Defendant argues that Plaintiff failed to exhaust the IDOC grievance process with respect to his Eighth Amendment claim.  To meet his initial burden, Defendant relies upon the Zortman Affidavit filed in support of his motion.  (Dkt. 21-2.)  Zortman states that between January 1, 2011 through December 12, 2012, Plaintiff submitted five (5) institutional grievances.  (*Id.* at 4.)  These grievances, however, were in regards to Plaintiff's access to video games; they were unrelated to the issue in this case.  (*Id.*) Zortman states that Plaintiff did not submit a grievance regarding IDOC's decision to

**MEMORANDUM DECISION AND ORDER - 6**

cease lunch service on the weekends or regarding his health concerns.  (*Id.* at 5.)

On May 7, 2013, Plaintiff filed a response to oppose the motion.  (Dkt. 26.)  In the response, Plaintiff asserts that he "did complete the PLRA."  (*Id.* at 1.)

Defendant filed a reply on May 23, 2013.  (Dkt. 27.)  Defendant argues that Plaintiff's response was untimely, as it was filed seventy (70) days after the date of service of the Motion to Dismiss.  (*Id.* at 2.)  Defendant contends that the Court should consider Defendant's assertion that Plaintiff failed to comply with the IDOC grievance process as undisputed.  (*Id.*)  However, even if the Court accepts and considers Plaintiff's response, Defendant argues his motion should be granted.  (*Id.* at 4.)  Defendant argues that Plaintiff has not set forth any evidence to dispute the sworn statement of Ashley Zortman, or to otherwise support his claim that he complied with the IDOC grievance process.  (*Id.*)

The Court will consider Plaintiff's response, but concludes that Plaintiff failed to exhaust his administrative remedies.  As set forth above, proper exhaustion requires that a prisoner "*complete* the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. at 88 (emphasis added).   Plaintiff has not set forth any evidence indicating that he ever filed a grievance form on the issues related to his Complaint.  Accordingly, Plaintiff did not exhaust the IDOC grievance procedures prior to bringing this lawsuit and the case will be dismissed.

**MEMORANDUM DECISION AND ORDER - 7**

## ORDER

**IT IS ORDERED:**

1.      Plaintiff's Motion to Proffer Exhibits (Dkt. 16) is GRANTED.

2.      Plaintiff's Motion to Proffer Exhibits (Dkt. 18) is GRANTED.

3.      Defendant's Motion to Dismiss for Failure to Exhaust Administrative

Remedies (Dkt. 21) is GRANTED.  Plaintiff's entire case is dismissed

without prejudice.

4.      Plaintiff's Motion for Status Conference (Dkt. 19) is DENIED as moot.

5.      Plaintiff's Motion for Trial Date (Dkt. 20) is DENIED as moot.

DATED: June 10, 2013

Honorable Candy W. Dale
United States Magistrate Judge